```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ROBERT McGEE, et al., | : | CIVIL ACTION NO. 08-520 (MLC) |
| Plaintiffs, | : | **O R D E R** |
| v. | : |  |
| STIHL INCORPORATED, et al., | : |  |
| Defendants. | : |  |

For the reasons stated in the Court's Memorandum Opinion, dated December 7, 2011, **IT IS** on this 7th day of December, 2011, **ORDERED** that the Plaintiffs' motion for summary judgment on certain issues (dkt. entry no. 73) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

**GRANTED TO THE EXTENT** that it seeks to bar the defendants Stihl Incorporated and Andreas Stihl AG & Co. ("Defendants") from pursuing the affirmative defense of comparative negligence; and

**GRANTED TO THE EXTENT** that it seeks to bar Defendants from contending or introducing evidence that the plaintiff Robert McGee's ("McGee") employer was negligent with respect to the alleged design defect; and

**DENIED TO THE EXTENT** that it seeks to bar Defendants from introducing evidence of the conduct of McGee's employer with respect to the alleged failure to warn; and

**DENIED WITHOUT PREJUDICE** with respect to all other relief sought; and

**IT IS FURTHER ORDERED** that:

(1) Defendants may introduce evidence of McGee's conduct at trial to show that his conduct was not foreseeable and therefore the product was not defective, and

(2) Defendants may introduce evidence of McGee's conduct at trial to show that his conduct was the proximate cause of his injury, but

(3) in the event that the finder of fact determines that McGee's conduct was foreseeable, and the device in question was defectively designed, the question of proximate cause will not be charged to the jury; and

**IT IS FURTHER ORDERED** that:

(1) Defendants may introduce evidence of McGee's employer's conduct at trial to show that McGee's or other employees' conduct was not foreseeable and therefore the product was not defective, and

(2) Defendants may introduce evidence of McGee's employer's conduct insofar as it is relevant to Plaintiffs' failure to warn claims, and

(3) Defendants may not introduce evidence of McGee's employer's conduct in order to dispute that the alleged design defects of the TS 400 proximately caused McGee's injuries; and

**IT IS FURTHER ORDERED** that Defendants' separate motions (1) to preclude Plaintiffs' expert Neal Growney (dkt. entry no. 74), (2) to preclude Plaintiffs' expert Wilson "Toby" Hayes (dkt. entry no. 75), (3) to preclude Plaintiffs' expert Michael Kalsher (dkt. entry no. 76), and (4) for summary judgment (dkt. entry no. 77), are **DENIED WITHOUT PREJUDICE** until such time as the Court can conduct Daubert hearings for these proposed expert witnesses; and

**IT IS FURTHER NOTED** that the Court will contact the parties to schedule Daubert hearings.

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge